

United States District Court
District of Connecticut
FILED AT HARTFORD
1/4, 20 17
Roberta D. Tabora, Clerk
By: Deputy Clerk

U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*  (203)821-3700
*157 Church Street, 25th Floor*  *Fax (203) 773-5376*
*New Haven, Connecticut 06510*  *www.justice.gov/usao/ct*

January 4, 2017

Attorney Andrew B. Bowman
Law Offices of Andrew B. Bowman
1804 Post Road East
Westport, CT 06880

    Re:    United States v. David Quatrella
            Case No. 3:17CR 3 (AWT)

Dear Attorney Bowman:

    This letter confirms the plea agreement between your client, David Quatrella (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

    David Quatrella agrees to waive his right to be indicted and to plead guilty to a one-count information charging him with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371.

    The defendant understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

    1.    An unlawful agreement existed between two or more individuals to commit wire fraud, in violation of 18 U.S.C. § 1343;

    2.    The defendant knowingly and willfully entered that conspiracy;

    3.    One of the members of the conspiracy knowingly committed at least one of the overt acts charged in the information; and

    4.    The overt acts were committed to further some objective of the conspiracy.

**THE PENALTIES**

This offense carries a maximum penalty of 5 years of imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than 3 years to begin after imprisonment. The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to 2 years per violation with no credit for time already spent on supervised release.

The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

The defendant is also subject to restitution, as discussed below. Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572 (h), (*i*) and § 3612(g).

Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Forfeiture

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and based on his commission of the illegal act of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, as charged in Count One of the information, the defendant agrees to forfeit a sum of money in the amount of $272,000, representing his personal gain from the crime.

The defendant agrees to make a partial payment of the foregoing money judgment forfeiture, in the form of a certified or cashier's check payable to the

United States Marshal Service, by at least 30 days prior to sentencing in this matter. If the said money judgment amount has not been paid in full as of the date of sentencing, the agreed-upon money judgment forfeiture shall nonetheless become a part of the judgment of sentence, and the United States shall be entitled to pursue the seizure and forfeiture of any and all substitute assets in order to satisfy the money judgment forfeiture, pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e).

The defendant agrees to consent to the entry of an order of forfeiture for the above-specified money judgment amount, and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed assets covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also understands and agrees that by virtue of his plea of guilty, he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## **THE SENTENCING GUIDELINES**

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guidelines determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guidelines application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) truthfully disclosing to the United States Attorney's Office and the United States Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached factual stipulation, which is a part of

this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Guidelines Stipulation

The parties agree that the Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range, unless doing so results in an *ex post facto* issue.

The parties agree that the defendant's base offense level under U.S.S.G. § 2B1.1(a)(2) is 6, and that a 2-level enhancement applies under U.S.S.G. § 3B1.3 based on the defendant's abuse of a position of trust and/or his use of a special skill.

The parties otherwise do not agree as to any specific offense characteristics or adjustments, including as to the calculability and amount of loss under U.S.S.G. § 2B1.1(b)(1).

### Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The defendant agrees not to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Nor will he pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence does not exceed 60 months of imprisonment, a 3-year term of supervised release, a $100 special assessment, a fine of $250,000, forfeiture of $272,000, and restitution in any amount ordered by the Court, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentence that is inconsistent with (or not addressed by) this waiver. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

<u>Information to the Court</u>

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

**<u>WAIVER OF RIGHTS</u>**

<u>Waiver of Right to Indictment</u>

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is knowingly and intelligently waiving his right to be indicted.

<u>Waiver of Trial Rights and Consequences of Guilty Plea</u>

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

<u>Waiver of Statute of Limitations</u>

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

**COLLATERAL CONSEQUENCES**

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

**SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH**

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the issuance and financing of stranger-originated life insurance policies.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his guilty plea.

Moreover, in the event the defendant withdraws from this agreement prior to or after pleading guilty to the charge identified above, or otherwise fails to fully comply with any of the terms of this plea agreement, the Government will be released from its obligations under this agreement, and the defendant agrees and understands that: (a) he thereby waives any protection afforded by the proffer letter agreements between the parties, Section 1B1.8 of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence, and that any statements made by him as part of his cooperation with the Government, or otherwise, whether such statements were made prior to or after the execution of this agreement, will be admissible against him without any limitation in any civil or criminal proceeding brought by the Government; (b) he thereby stipulates to the admissibility of the factual admissions contained in this plea agreement, including the admissions contained in the Stipulation of Offense Conduct, in any case brought by the United States in any way related to the facts referred to in this agreement; and (c) the defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any

way related to the facts referred to in this agreement, of any documents provided by the defendant or his representatives to any state or federal agency.

**<u>NO OTHER PROMISES</u>**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court in open court and filed in this case.

Very truly yours,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

_____
AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____   /-4-2017
DAVID QUATRELLA                  Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____   1-4-2017
ANDREW B. BOWMAN, ESQ.           Date
Attorney for the Defendant

**STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT**

The defendant and the Government stipulate to the following offense conduct and relevant conduct that gives rise to the defendant's agreement to plead guilty to the information:

From in or about June 2008 through in or about January 2016, the defendant knowingly and willfully conspired with others to defraud life insurance providers by fraudulently inducing the providers to issue life insurance policies to certain insured persons based on material misrepresentations by the defendant and others as to the purpose of the policies, the means by which the premiums would be paid, and the intent of the insured persons to sell the policies to investors. The defendant's co-conspirators included insurance brokers based in California, New Jersey, and Florida. At all times, the defendant abused his position and skills as an attorney to facilitate the commission of the offense. The defendant acknowledges that he intended to deprive the life insurance providers of information that was relevant to the providers' discretionary economic decision-making in determining whether, and on what terms, to issue policies.

In one instance, upon the request of a client of the defendant's law firm, D.S., the defendant and certain of his co-conspirators caused D.S. to apply for and obtain a $15 million life insurance policy from Lincoln National Life Insurance Company ("Lincoln"), with an effective date of on or about October 2, 2008. The defendant helped D.S. to complete the application and, in so doing, falsely certified to Lincoln that, among other things, the policy premiums were not being financed by any third party and there was no intention on the part of the insured to sell the policy. The defendant also used his position as D.S.'s attorney to write a letter on his law firm's stationery to Lincoln's agent, in which the defendant falsely represented that the life insurance policy was needed for D.S.'s estate planning purposes. In truth, the defendant knew that the policy premiums were being financed by a pool of investors, many of whom the defendant recruited from among his law firm's clients. Further, it was the defendant's intention to facilitate the sale of D.S.'s policy after two years to other downstream investors at a profit to the initial pool of investors. In furtherance of the scheme, the defendant transmitted premium payments from the initial pool of investors to Lincoln via checks and interstate wire transfers from the defendant's attorney trust account at Bank of America, N.A. Ultimately, however, the defendant and his co-conspirators could not find a buyer for D.S.'s policy, and the policy was permitted to lapse in or about January 2016.

On another occasion, the defendant and certain co-conspirators arranged for an insured, J.S., to apply for and obtain a $10 million life insurance policy from Lincoln, with an effective date of on or about December 28, 2009. J.S. was not a client of the defendant's law firm, and the defendant did not help to complete J.S.'s application. However, the defendant connected J.S. with his co-conspirators for the

purpose of having J.S. apply for a life insurance policy, and the defendant knew and intended that J.S.'s application contained material misrepresentations as to the policy's purpose, the means by which the premiums would be paid, and the intent to sell the policy to downstream investors after two years. The defendant also recruited the initial pool of investors to pay the policy premiums from among his law firm's clients, and the defendant transmitted premium payments to Lincoln from his attorney trust account. Ultimately, the defendant and his co-conspirators could not find a buyer for J.S.'s policy, and on or about February 24, 2014, the policy lapsed for nonpayment of premiums. On or about March 6, 2014, the defendant directed a paralegal to place an interstate telephone call to Lincoln for the purpose of having the policy reinstated, and instructed the paralegal via email not to "mention anything about the loan of the premium from my clients." The defendant and his co-conspirators were not successful in having the policy reinstated.

For their role in causing the issuance of these policies, the defendant and his co-conspirators shared in substantial commissions from Lincoln. The defendant's share of the commissions, and thus his personal gain from the criminal conduct, was $272,000.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional relevant offense conduct to the Court in connection with sentencing.

_____
DAVID QUATRELLA
The Defendant

_____
AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY

_____
ANDREW B. BOWMAN, ESQ.
Attorney for the Defendant

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A. The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

   A. Return the property to the owner of the property or someone designated by the owner; or

   B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

   The greater of -
   (I) the value of the property on the date of the damage, loss, or destruction; or

   (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court-ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3614, 3613A. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.