UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO.: 3:17CR0003(AWT) |
| v. | : | |
| | : | |
| DAVID QUATRELLA | : | January 18, 2017 |

<u>MOTION FOR FINAL ORDER OF FORFEITURE</u>

The United States of America respectfully submits this Motion for a Final Order of

Forfeiture in the above-captioned case, for the reasons set forth below. A proposed order is

submitted with this motion.

On January 4, 2017, the Defendant entered into a plea agreement with the United States

in which he agreed to forfeit a sum of money in the amount of Two Hundred Seventy-Two

Thousand Dollars ($272,000.00) in United States currency.

The United States has not, of this date, identified specific assets that were derived from or

involved in the offense for which the Defendant has been convicted, and that remain available to

be seized and forfeited. The United States has not yet identified any property of the Defendant

that could be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p).

Accordingly, the United States seeks the entry of a Final Order of Forfeiture consisting of

a personal money judgment against the Defendant in the amount of Two Hundred Seventy-Two

Thousand Dollars ($272,000.00) in United States currency.

The entry of a Final Order of Forfeiture in the form of a personal money judgment is

specifically authorized by Rules 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal

Procedure. <u>See</u> <u>e.g.</u>, <u>United States v. Robilotto</u>, 828 F.2d 940, 949 (2d Cir. 1987).

Once the Final Order of Forfeiture is entered, the Government may move at any time,

pursuant to Rule 32.2 (e)(1)(B), to amend the Order to forfeit specific property of the Defendant,

having a value up to the amount of the money judgment, as substitute assets.  <u>See</u> <u>United States v. Candelaria-Silva</u>, 166 F.3d 19 (1st Cir. 1999) (once the Government has obtained a money judgment, it may forfeit defendant's real property in satisfaction of that judgment); <u>United States v. Numisgroup Int'l Corp.</u>, 169 F. Supp. 2d 133 (E.D.N.Y. 2001) (Rule 32.2(e) authorizes forfeiture of substitute assets to satisfy a money judgment, including a judgment based on the value of the missing proceeds and the value of the missing facilitating property.

WHEREFORE, by virtue of the plea agreement and the determination of the amount of money derived from or involved in the offenses for which the Defendant has been convicted, a money judgment should be entered against the Defendant.  Accordingly, the United States moves for entry of the attached Final Order of Forfeiture.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

_____
AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO.: phv07156
157 CHURCH STREET, 25TH FLOOR
NEW HAVEN, CT 06510
PHONE NO. (203) 821-3700
FAX: (203) 773-5373
EMAIL: avi.m.perry@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY