LAW OFFICES

## QUATRELLA & RIZIO, LLC
ONE POST ROAD
POST OFFICE BOX 320019
FAIRFIELD, CONNECTICUT 06825
(203) 255-9928

FAX (203) 255-6618

Sender's e-mail: dquatrella@qrlaw.com

MICHAEL T. DOLAN
PETER V. GELDERMAN°
ROBERT G. GOLGER
MICHAEL C. JANKOVSKY
DAVID K. KURATA
KATHERINE M. MACOL
WILLIAM M. PETROCCIO+
DAVID L. QUATRELLA*
RAYMOND RIZIO+

°ALSO ADMITTED IL BAR
* ALSO ADMITTED PA AND NJ BARS
+ ALSO ADMITTED NY BAR

TRUMBULL OFFICE
105 Technology Drive, Suite 1C
Trumbull, Connecticut 06611
(203) 268-6646
FAX (203) 268-0419

PLEASE REPLY TO FAIRFIELD OFFICE

November 10, 2008

Mr. Benton Hoddinott
401 Panorama Drive
Hemet, CA 92543

      Re:    D▓▓▓▓ S▓▓▓▓▓
             Application for $15.0 Million Life Insurance

Dear Mr. Hoddinott:

      Our office represents D▓▓▓▓ S▓▓▓▓▓, of ▓▓▓▓▓▓, Connecticut. I have been representing Mr. S▓▓▓▓▓ in connection with his business and personal legal affairs for the past 24 years, since 1984. In connection with my representation of Mr. S▓▓▓▓▓, I am intimately familiar with his business and investment properties, as listed in his personal Statement of Financial Condition dated as of April 1, 2008 (the "Statement"), a copy of which is enclosed. In this regard, I have been asked to explain the reason for Mr. S▓▓▓▓▓'s request to obtain $15.0 million dollars in life insurance on his life. Mr. S▓▓▓▓▓ has authorized me to provide this information, as follows.

      Mr. S▓▓▓▓▓'s Statement indicates a total net worth for D▓▓▓▓ S▓▓▓▓▓ and his wife, ▓▓▓▓▓▓, of just under $16.0 Million ($15,799,006.00). The substantial majority of Mr. S▓▓▓▓▓'s assets consist of investments in real estate ($16,364,103.00). Among these investments, $9,864,103.00 consists of investments through partnerships in commercial, income producing real estate. The balance of $6.5 Million is invested in personal residences located in ▓▓▓▓▓▓ Connecticut (his primary residence) and ▓▓▓▓▓▓, Florida (his Winter residence). Based upon my personal knowledge of each of these properties, it is my opinion that the valuations reflected in Mr. S▓▓▓▓▓'s Statement are <u>extremely</u> conservative. I believe that the aggregate value of Mr. S▓▓▓▓▓'s real estate is considerably in excess of the $16,364,103.00 reflected in his Statement.

J:\Maria\DLQ\▓▓▓▓ D\Platinum Legacy\Hoddinott ltr..doc

November 10, 2008
Page two

Disregarding my opinions as to the valuation of the real estate, and working with the values reflected in the Statement, Mr. S_____ is seeking to obtain $15.0 Million in life insurance in connection with his Estate Planning. Mr. S_____ presently has no life insurance. Since the bulk of his assets are not liquid, and since he wishes to insure that his Estate has sufficient funds with which to pay anticipated State and Federal Succession Taxes and Estate Taxes, he is anticipating that his Estate will need $15.0 Million in life insurance at the time of his death.

Mr. S_____'s projections for needing $15.0 Million in life insurance are based upon the following factors:

(1) It is a fair estimate that Mr. S_____'s life expectancy is somewhere between 15 and 20 years from the date of this letter. This would mean that Mr. S_____ would live to age 87 at a minimum. Since Mr. S_____ is in good health, and since his mother lived to age 85 and his grandmother lived to age 92, Mr. S_____ hopes (and expects) that a life expectancy of 15 years is conservative.

(2) Mr. S_____ agrees that the values of his real estate investments as shown in his Statement are conservative. He does, however, anticipate that all of these properties will, at a minimum, appreciate at the rate of 5% per annum during each of the 15 years which he is expected to live. Based upon an appreciation factor of 5% per annum, the investment properties should be worth a minimum of $20,000,000.00 in 15 years, and the residences should be worth a minimum of $13,000,000.00 in 15 years, for an aggregate total valuation of approximately $34,000,000.00 at the end of 15 years.

(3) Given the fact that Mr. S_____ has owned most of the investment properties listed in his Statement for 20 years or more, he does not anticipate selling his interest in these properties during the remainder of this lifetime, since (i) these properties have low or no mortgages, (ii) he wishes to avoid capital gains taxes and afford his beneficiaries the benefit of a stepped-up basis in each of the properties and (iii) these are good income producing properties from which his share of the net operating income is approximately $850,000.00 per annum before income taxes. All of the leases for the properties have terms exceeding Mr. S_____'s estimated life expectancy, and the annual rental income is scheduled to increase during the remainder of his lifetime. Taking into consideration the anticipated appreciation in value of the real estate, and the annual rental income, Mr. S_____ believes that his Estate is likely to be valued at an amount in excess of $34,000,000.00 at the time of his death.

November 10, 2008
Page three

    (4)    Given the uncertainty of how Congress will treat the Federal Estate Tax after the upcoming presidential election, and based upon Mr. S▓▓▓'s gross taxable Estate being upwards of $34.0 Million at the time of is death, it has been recommended to Mr. S▓▓▓ that he obtain $15.0 million dollars in life insurance, in order to avoid his Estate having to sell assets at the time of his death to pay the anticipated taxes.

We trust that the foregoing adequately explains Mr. S▓▓▓'s need for the $15.0 million in life insurance. If, however, you are need of further information, please do not hesitate to contact me.

Cordially,

*[signature]*

David L. Quatrella

DLQ/mm
cc:    D▓▓▓ S▓▓▓
enc.

J:\Maria\DLQ\▓▓▓ D\Platinum Legacy\Hoddinott ltr..doc