UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| VS. | : | NO: 3:17-cr-00003 (AWT) |
| DAVID QUATRELLA, | : | |
| Defendant. | : | May 16, 2017 |

**DEFENDANT'S REPLY SENTENCING MEMORANDUM
AND RESPONSE TO MOTION TO INTERVENE**

The defendant David Quatrella submits this Reply Sentencing Memorandum in response to the government's Sentencing Memorandum dated April 27, 2017 and attorney LaBelle's memorandum filed on May 11, 2017.[1]

1. The government at page 12 of its memorandum alleges an unrelated act by Mr. Quatrella as an aggravating factor in his sentencing. Although the

---

[1] Although the undersigned had heard that attorney LaBelle would file some type of motion, the first time the undersigned saw the actual motion was late Thursday afternoon, May 11, 2017.

government's sentencing memorandum states that a bank representative called to inquire about the firm's failure to make its required payments, the government and the defendant are in agreement that the loan was never in default. The underlying facts are that Mr. Quatrella had a line of credit with the bank since the late 1990's. Although the defendant did previously sign a renewal of the line of credit for himself and for the firm, which we acknowledge he should not have done, the firm's assets were never used to make any payment on the line of credit, and the line of credit was never in default. His former partner never lost and never paid a cent. The line of credit was paid off in early December 2015 by the defendant within several weeks of learning from his former partner that the bank officer had called about the line of credit which was due to be renewed or paid off in February 2016.

With respect to the forfeiture and restitution, the defendant has paid $50,000 toward his forfeiture obligation. He had arranged for a third party to purchase the interest of a family limited partnership on undeveloped property in Monroe which would have netted the defendant between $100,000 and $150,000. DS, who is a partner in the ownership of that Monroe property,

2

objected to the sale of the family limited partnership's interest. The purchaser who was fully informed of the purpose of the sale has a very substantial net worth and would have been a financially beneficial member of the Monroe partnership. DS effectively blocked the sale. With respect to the lenders on the DS policy, they have received $960,000 after litigation.

Under the MVRA, 18 U.S.C. §3663A(a)(2) the term "victim" means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered...". As the government has set forth in its memorandum, the investors in the DS and JS policies lost money, because of the economic conditions in the secondary market - not because of the offense committed by the defendant. For this reason, the investors are not victims within the meaning of the MVRA.

With respect to the AG policy with West Coast Life Insurance, Mr. Quatrella did not participate in the application for the life insurance policy in that case. He did however provide the individuals who paid the policy premiums.

## Grounds for Variance

With respect to the government's argument that impact on the defendant's family should not be considered as a basis for departure, it should be noted that every single case cited by the government is pre-*Booker* and decided at the time when the Guidelines were mandatory. With respect to the defendant's medical condition, these are not trivial conditions but rather they are potentially life threatening. The defendant has provided comprehensive medical reports to the Court for its consideration.

Finally, with respect to employment and non-employment related contributions and good works §5H1.11, David Quatrella truly has an exceptional history of performing acts of generosity and good deeds for employees, clients and the community, see letter of Joe Drum (Ex. B, pg. 4 of Defendant's Sentencing Memorandum. "Dave was one of the most helpful Board members of the International Institute ever. He was very giving of his time, talents and money to help the needy as these refugees came to America out of fear for their lives from their country of origin". Mr. Drum speaks about the 33 years of service to defendant's community of which he is aware.

Maria M., a former employee of David Quatrella writes that he held her position open when she had a difficult pregnancy and had to be bedridden prior to giving birth. The letter of Frederick Serra relates how David Quatrella would redesign health insurance benefits and would pay for greater benefits without passing the costs on to his employees. As a result, Mr. Serra writes how he and David Quatrella procured life saving medical care with doctors in another state for one of David Quatrella's employee's children. That mother recently approached Mr. Serra telling him that her daughter, whose life was saved, was now married and had given birth to a child of her own. "Dave was there for them and we worked together to get the right care after the insurance company denied the procedure. I was amazed how he went above and beyond and treated others the way he would treat his own family" (Ex. B).

David Quatrella is an individual who has helped, comforted and assisted people in need whether they were refugees, employees, children of employees or whether it was the community at large. When the government argues that the defendant has not given to others to "an exceptional degree", it misreads *United States vs. Canova*, 412 F.3rd 331 (2nd Cir. 2005) and the letters of

grateful individuals that have been submitted to the Court. *Canova* expressly recognizes that the district court has discretion to downwardly depart or to vary from the Guidelines for community and volunteer service.

As the Second Circuit ruled in *United States vs. Rioux,* 97 F.3rd 648, 663 (2nd Cir. 1996) public service and similar good works may permissibly be considered as a basis for a downward variance, even if civic, charitable or public service, employment-related contributions and similar prior good works may not *ordinarily* be considered relevant in determining whether a departure is warranted. In this case they are present to an exceptional and extraordinary degree. Whether it was in the context of assisting refugees at the International Institute, employees who needed medical care and health insurance, colleagues and friends who in their time of need received the generosity of deeds and spirit that David Quatrella gave to others throughout his life, the defendant has given meaningfully to others and made a beneficial difference in the lives of the individuals who have written to the Court.

THE DEFENDANT,
David Quatrella

BY /s/ Andrew B. Bowman
   ANDREW B. BOWMAN
   Fed. Bar No: ct00122
   1804 Post Road East
   Westport, CT 06880
   (203) 259-0599
   (203) 255-2570 (Fax)
   E-mail:andrew@ andrewbowmanlaw.com

## CERTIFICATION

This is to certify that on this 16th day of May, 2017, a copy of the foregoing Defendant's Reply Sentencing Memorandum and Response to Motion to Intervene was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                          /s/ Andrew B. Bowman   .
                                          ANDREW B. BOWMAN