UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:17CR3(AWT) |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| DAVID QUATRELLA | : | May 23, 2017 |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE AND/OR TO BE HEARD REGARDING ORDER OF RESTITUTION**

This Supplemental Memorandum is submitted in further support of the Investors Motion to Intervene and/or to Be Heard Regarding Order of Restitution (Doc. 26). Attached to this Memorandum as Exhibit A are letters addressed to the Court from some of the Investors.

THE INVESTORS

By   /s/ Dan E. LaBelle
  Dan E. LaBelle
  HALLORAN & SAGE LLP
  Fed. Bar #ct 01984
  315 Post Road West
  Westport, CT  06880
  Telephone: (203) 227-2855
  Facsimile:   (203) 227-6992
  labelle@halloran-sage.com

# EXHIBIT A

Anthony Julian

56 Lafayette Drive

Trumbull, CT 06611

May 23, 2017

Hon. Alvin W. Thompson

United States District Judge

United States Courthouse

450 Main Street

Hartford, CT  06103

Hon. Thompson,

Dave Quatrella had been my trusted attorney and friend for well over 30 years.  I was completely shocked to learn that the life insurance policy investments, that he had me and other long time clients of his invest in, were illegal.

I had no idea that questions on the insurance applications were fraudulently answered, and in the case of the D. S. policy, that Dave Quatrella wrote a letter to Lincoln Financial which was blatantly dishonest. I was also blown away to learn of the huge commissions that Dave Quatrella garnered for his deceptive tactics.  I think greed was the driving force behind this scheme, not the well-being of his associates.  If I had any of these facts beforehand, I would not have invested and I would have looked for another attorney.

I lost a considerable amount of hard earned after-tax dollars that was set aside for retirement years.  I am 63 years old and I don't see retirement on my horizon.  This swindle is a contributing factor.

Thank you for your time.

Very truly yours,

Anthony Julian

Hon. Alvin W. Thompson

United States District Judge

United States Courthouse

450 Main St – Suite 240

Hartford, Ct 06103

Dear Judge Thompson,

I have been a friend, client and business referral partner with David Quatrella for more than 20 years. I had complete trust in his professionalism and integrity so I had no reason to doubt that he had my best interest in mind when he offered me the opportunity to participate in these insurance policies. I was told by David Quatrella that these were solid investments and that the policies would be sold after 2 years and I would receive my principal plus a solid return. The money I invested was earmarked for my children's college education and at the time that need was still several years away. I was never told that I should seek separate counsel or that he was earning large commissions.  I was also never told that for the policies to be issued he would have to make several false statements of the application. I never would have invested in these policies if I knew that it was necessary to make false statements in order for the policies to have been issued.

I was told many times that the DS policy was close to being sold and that usually coincided with a request for another premium payment. The JS policy was similar in nature and I was also told multiple times that it was also close to being sold. I expressed to David Quatrella many times as the years progressed that the continuing requests to pay premium payments were becoming a major financial concern as I was now also paying college tuition. In March 2014 I asked David Quatrella when I would receive my K1 for JS and he told me that it was set up as a trust and therefore no K1 would be issued, In June of 2015 I asked David Quatrella for an update on JS and was told that the policy had lapsed and he was working on a solution and would have it resolved soon( the policy had actually lapsed prior to my request about the K1 in March 2014).I would never have believed that David Quatrella would put his own interest in getting a large commission in front of the financial risk to a friend and client. Since I discovered that these policies were both STOLI and that my investment was worthless in January 2016 I have not received any correspondence from David Quatrella and absolutely no mention of any remorse or acceptance of responsibility for the substantial losses suffered by myself and the other investors.

Sincerely,

James M. O'Brien

103 Old Tree Farm Lane

Trumbull, Ct 06611

Michael Julian
35 Third Avenue
Stratford, CT  06615

May 15, 2017

Hon. Alvin W. Thompson
United States District Judge
United States Courthouse
450 Main Street – Suite 240
Hartford, CT  06103

RE:  US vs David Quatrella Criminal No. 3:17CR3 (AWT)

Dear Judge Thompson,

I have personally known Dave Quatrella since the mid to late 1980's, or roughly 35 years.  I trusted him as our attorney and valued his relationship as a very good friend.   In our business and personal lives we conducted every single legal transaction through Dave without ever thinking that he did not have our best interests at heart.

When I was offered the chance to invest in the insurance policies that are the subject matter of this criminal activity, I never thought for one instant that this would be an illegal or fraudulent deed.  I confidently invested my money into something my trusted friend said would make us a very good return in a two year timeframe.  I was told that the only risk to this venture would be a return of our money after two years without any upside.  Basically, our invested dollars would be returned to us, however, we would receive nothing additional; a two year waste of time.    I was told this was due to the insurance company's 2 year contestability period where they could rescind the premium dollars and end the insurance policy.  Considering the facts, I invested in the 2 insurance policies.

I trusted Dave that this was a solid, good investment.  I too, like others in the group, have children and had a need to prepare for the cost of college educations.  I considered this a good opportunity presented to me by my good friend.  I thanked him for the chance and invested my children's education money into the policies.

At no time was I ever aware that Dave would receive a commission for this investment, a massive commission to be exact.  Likewise, I never knew he would have to write a false letter to convince the insurance company to issue the DS policy and that he knowingly sent in false information on the insurance applications.  If I knew about these very material facts, I would have never invested in these policies.  Actually, I think everyone else who invested in these policies would probably have also declined.  Even if I had declined to invest in these polices, (I wish that was the case), I would have terminated our relationship with Dave as our attorney,

just for knowing that he was OK with deceptive activity.  I cannot, and will not, knowingly deal with dishonest people.

I am out a large amount of money, so is everyone in the investor group.  In fact, we are the only ones that have suffered a huge loss due to Dave's actions.  The insurance company did not lose money.  The insurance broker did not lose money.  Dave did not lose money.  The insured people did not lose money.  Only we lost money.  We all lost money on an illegal fraudulent investment scam that was tailored to line the pockets of Dave and his team.  If we are not the victims, would someone explain to me who they are??

Sincerely,

Michael Julian

May 10, 2017

Hon. Alvin W. Thompson
United States District Judge
United States Courthouse
450 Main Street – Suite 240
Hartford, CT  06103

Re: United States of America No. 3:17CR3(AWT) vs. David Quatrella

Dear Hon. Alvin W. Thompson;

I have known Mr. David Quatrella for a number of years and had come to trust him with both investments and with personal legal matters. I considered Dave to be a trustworthy friend. I invested in both the Sherman and Steen life insurance policy based solely on the advice given to me by Mr. Quatrella. I hold myself to high moral and ethical standards and can assure you that in no way, shape or form would I have allowed myself knowingly to be part of something fraudulent. I, along with the other investors, trusted Dave that this was a good and honest investment. I was never made aware of the amount of money that Mr. Quatrella stood to earn off of these investments or that documents were being falsified. It is with great hope that you will consider ordering a restitution order to the victims that Mr. David Quatrella left in his path of deceit.

The loss of these investment funds not only affect me personally but stand to affect the future of my children. Dave did not just steal from me, but through his fraud he affected the investment in my children's future college opportunities.   I ask that you please consider the depth that Mr. Quatrella's illegal behaviors have impacted some families. It is my sincere hope that through your powers you order the investors be made whole again.

Kind regards.

Megan M. Murphy
MB Apartments, LLC

## **CERTIFICATION**

I hereby certify that on May 23, 2017, a copy of the foregoing Supplemental Memorandum was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Dan E. LaBelle
Dan E. LaBelle