```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

-------------------------------- x
UNITED STATES OF AMERICA         :
                                 :
     v.                          :    Crim. No. 3:17-CR-3(AWT)
                                 :
DAVID QUATRELLA                  :
-------------------------------- x
```

## ORDER RE MOTION TO INTERVENE AND/OR TO BE HEARD REGARDING ORDER OF RESTITUTION

For the reasons set forth below, the Motion to Intervene and/or to be Heard Regarding Order of Restitution (Doc. No. 26), filed by certain STOLI investors, is hereby GRANTED in part and DENIED in part. The motion is being granted to the extent the STOLI investors seek to be heard regarding an order of restitution because the court concludes that they are "victims" within the meaning of 18 U.S.C. § 3663A and it is being denied to the extent they seek to intervene.

The instant motion is being denied to the extent the STOLI investors seek to intervene because 18 U.S.C. § 3771(a), which sets forth the rights of crime victims, provides that a crime victim has, inter alia, "[t]he right to be reasonably heard at any public proceeding in the district court involving . . . sentencing . . . [and] [t]he right to full and timely restitution as provided in law." However, § 3771 does not provide a crime victim the right to intervene per se.

As stated above, § 3771 gives the STOLI investors the right to be heard at the sentencing proceeding if they are crime victims.

1

"[T]he term "victim" means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2).  "Proximate cause asks 'whether the harm alleged has a sufficiently close connection to the conduct at issue.'"  United States v. Soto, 799 F.3d 68, 98 (1st Cir.) (quoting Robers v. United States, 134 S. Ct. 1854, 1859 (2014)).  The offense of conviction here, conspiracy to commit wire fraud in violation of 18 U.S.C. § 371, does have as an element of the offense conspiring to commit wire fraud in violation of 18 U.S.C. § 1343.  (See Plea Agreement at 1.)  Thus, any "person directly harmed by the defendant's criminal conduct in the course of" that conspiracy is a victim.

There are three stranger-originated life insurance ("STOLI") policies at issue in this case, the D.S. policy, the J.S. policy, and the A.G. policy.  (See Presentence Report (Doc. No. 17) ¶¶ 6, 7, 8.)  As to the D.S. policy, the defendant and some of his coconspirators caused D.S. to apply for and obtain the life insurance policy.  The defendant helped D.S. with the application, making false representations to the insurer.  The defendant also used his position as D.S.'s attorney to write a letter on his law firm stationery to the insurer's agent, falsely representing that

the life insurance policy was needed for D.S.'s estate planning purposes.  Money from investors was an essential part of the scheme to defraud the insurer, and the defendant recruited many of the investors in the D.S. policy from among his law firm's clients.  Misrepresenting the true nature of the scheme to the investors was necessary to get them to invest.  Thus, all of the investors in the D.S. policy were directly harmed as a result of the defendant's actions in helping put in place the scheme to defraud the insurer, which when its true nature came to light, would materially adversely affect the value of their investment.  For many of the investors, he also directly harmed them by defrauding them, specifically by getting them to make an investment by means of false and fraudulent statements and/or omissions.

As to the J.S. policy, the defendant recruited the initial pool of investors to pay the policy premiums from among his law firm's clients, and he transmitted the premium payments to the insurer from his attorney trust account.  Again, the defendant defrauded the investors by getting them to make an investment by means of false and fraudulent statements and/or omissions.  So he directly harmed them.

As to the A.G. policy, the defendant recruited the initial pool of investors to pay the policy premiums from among his law firm's clients, and he transmitted the premium payments to the insurer from his attorney trust account. Once again, the defendant defrauded the investors by getting them to make an investment by

3

means of false and fraudulent statements and/or omissions, and thus, directly harmed them.

The defendant contends that the STOLI investors are not "victims" because the harm they suffered was the result of market conditions.  In substance, the defendant is arguing that the STOLI investors were not directly and proximately harmed as a result of the fact that the defendant fraudulently induced them to invest in the policies.  The STOLI investors were harmed the moment they made their investment.  At that point they had been defrauded.  They believed they had an investment with certain characteristics, but they in fact had an investment with materially different characteristics, which made the investment much riskier and worth less because of the fraudulent nature of the scheme in which they had unknowingly invested.  Moreover, the so-called market conditions the defendant points to only existed because of the fraudulent nature of the scheme.  The defendant's position is like taking the position that in a Ponzi scheme, the people induced to invest money were harmed, not because of the fact that the person running the scheme took their money under fraudulent pretenses, but because of the fact that the fraudulent nature of the scheme became known by people outside the conspiracy.

It is so ordered.

Dated this 25th day of May, 2017 at Hartford, Connecticut.

```
                           _____/s/ AWT_____
                              Alvin W. Thompson
                           United States District Judge
```