UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| VS. | : | NO: 3:17-CR-00003(AWT) |
| DAVID QUATRELLA, | : | |
| Defendant. | : | June 20, 2017 |

## MOTION TO WITHDRAW APPEARANCE FOR DEFENDANT

The undersigned counsel for the defendant David Quatrella moves to withdraw his appearance for the reason that new counsel for the defendant has filed a Rule 35(a) Motion to Vacate now pending in the district court in which the defendant through new counsel makes a claim that there was a "breakdown in the adversarial system that not only affects restitution but infected and prejudiced the entire sentencing process and created a profound false negative impression of Mr. Quatrella two days before sentencing".  See, doc. 42 filed 6/05/2017 at page 7.

These claims which may be construed as a claim of ineffective assistance of counsel now compel the necessity for this motion to withdraw from these proceedings.

1. Undersigned counsel represents that he has discharged his duties as retained counsel for Mr. Quatrella by filing a timely Notice of Appeal in his behalf as he directed.

2. Undersigned counsel was privately retained to represent Mr. Quatrella.

3. Undersigned counsel represented Mr. Quatrella during pre-charge discussions and negotiations, plea and sentencing proceedings with the defendant and the government.

4. Undersigned counsel now has an actual conflict of interest which prevents him from representing Mr. Quatrella in further proceedings in the district court. Specifically, the defendant has engaged new counsel to file a Rule 35(a) Motion to Vacate in which he makes claims against the undersigned counsel of ineffective assistance of counsel. As such, and pursuant to the governing rules of professional conduct, the undersigned cannot act as both an advocate and as a witness during the representation of a client.

Specifically, Rule 3.7 of the Connecticut Rules of Professional Conduct states in relevant part:

**Rule 3.7 Lawyer as Witness**

(a) A lawyer shall not act as advocate at trial in which the lawyer is likely to be a necessary witness unless:

    (1) The testimony relates to an uncontested issue;

    (2) The testimony relates to the nature and value of legal services rendered in the case; or

    (3) Disqualification of the lawyer would work substantial hardship on the client.

None of the exceptions to Rule 3.7 are applicable.

5. The defendant is entitled to conflict-free representation. Counsel will file a separate motion to withdraw in the Court of Appeals.

WHEREFORE, the undersigned counsel moves that he be permitted to withdraw as counsel for the defendant in the district court in light of the appearance of Richard A. Hamar. In the event that the defendant needs additional counsel and cannot afford it, the Court should appoint counsel to represent him in addition to attorney Hamar if the Court deems this appropriate.

For these reasons it is requested that the Court grant this Motion to Withdraw Appearance for Defendant.

I hereby certify that on this 20th day of June, 2017 I caused a true copy of this Motion to Withdraw Appearance for Defendant to be delivered to David Quatrella by electronic communication.

BY *[signature]*
ANDREW B. BOWMAN
Fed. Bar No: ct00122
1804 Post Road East
Westport, CT 06880
(203) 259-0599
(203) 255-2570 (Fax)
e-mail:andrew@ andrewbowmanlaw.com

## CERTIFICATION

This is to certify that on this 20th day of June, 2017, a copy of the foregoing Motion to Withdraw Appearance for Defendant was filed electronically and served by mail on anyone unable to accept electronic filing including defendant David Quatrella. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*[signature]*
ANDREW B. BOWMAN